UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

WILLIAM HOLBROOK, Personal Representative of
the Estate of Wanda Holbrook, Deceased,

   Plaintiff,

v

PRODOMAX AUTOMATION LTD., a Canadian
Company,
FLEX-N-GATE, LLC, a Delaware Corporation,
FANUC AMERICA CORPORATION, a Delaware
Corporation,
NACHI ROBOTIC SYSTEMS, INC., a Delaware
Corporation, and
LINCOLN ELECTRIC COMPANY, an Ohio
Corporation,

   Defendants.

CASE NO. 1:17-CV
HON.

---

## **COMPLAINT AND JURY DEMAND**

NOW COMES plaintiff, William Holbrook, Personal Representative of the Estate of Wanda Holbrook, by and through his attorneys, Smith Haughey Rice & Roegge, and for his Complaint against defendants states as follows:

1. Plaintiff William Holbrook is Personal Representative of the Estate of Wanda Holbrook, Deceased, and widower of Decedent, Wanda Holbrook, and still maintains a residence in the City of Grand Rapids, Kent County, Michigan. A copy of the Kent County Letters of Authority for Personal Representative authorizing William Holbrook to act on behalf of the Estate of Wanda Holbrook is attached as **Exhibit A.**

2. Upon information and belief, defendant Prodomax Automation Ltd. ("Prodomax"), is a Canadian Company doing business in Ionia County, Michigan.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

3. Upon information and belief, defendant Flex-N-Gate, LLC ("Flex-N-Gate"), is a Delaware Corporation doing business in Ionia County, Michigan.

4. Upon information and belief, defendant FANUC America Corporation ("FANUC"), is a Delaware Corporation doing business in Ionia County, Michigan.

5. Upon information and belief, defendant Nachi Robotic Systems, Inc. ("Nachi"), is a Delaware Corporation doing business in Ionia County, Michigan.

6. Upon information and belief, defendant Lincoln Electric Company ("Lincoln"), is an Ohio Corporation doing business in Ionia County, Michigan.

7. This is an action for wrongful death damages brought by plaintiff, William Holbrook, Personal Representative of the Estate of Wanda Holbrook, against defendants arising out of the death of Wanda Holbrook as described below. Plaintiff's damages exceed $75,000.

8. Jurisdiction is appropriate against these defendants pursuant to 28 U.S.C. §1332.

9. Venue is proper in this district under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

10. Plaintiff incorporates by reference paragraphs 1 through 9 above as if fully stated herein.

11. On July 7, 2015, Plaintiff's Decedent, Wanda Holbrook ("Wanda"), was working on the premises of Ventra Ionia LLC ("Ventra"), located at 14 N. Beardsly, Ionia, MI 48846. The primary operations housed on the premises included stamping, welding, chrome plating, molding, assembly and testing for chrome-plated plastics, bumpers, and trailer hitches.

12. Wanda was employed by Ventra as a Journeymen Maintenance Technician. In this position, Wanda performed maintenance duties on robots which required occasional inspection and adjustment to the weld process and conditions of the fixture tooling.

13. In the afternoon of July 7, 2015, at approximately 2:00 P.M., Wanda was performing normal, appropriate and necessary maintenance duties within the "100" cell of the weld department, a cell that contains six sections, between which there are safety doors.

14. Upon information and belief, Wanda was working in either section 140 or 150 within the "100" cell, when a robot from section 130 took Wanda by surprise, entering the section she was working in. Upon entering the section, the robot hit and crushed Wanda's head between a hitch assembly it was attempting to place in the fixture of section 140, and a hitch assembly that was already in the fixture, and Wanda suffered tremendous fright, shock and conscious pain and suffering.

15. Upon information and belief, other employees of Ventra later noticed that certain operations within the "100" cell were not working properly, and went looking for Wanda. Upon entering section 140, Wanda was found non-responsive by the other employees.

16. Wanda was pronounced dead at the scene when first responders arrived on the premises at approximately 2:39 P.M.

17. The robot from section 130 should have never entered section 140, and should have never attempted to load a hitch assembly within a fixture that was already loaded with a hitch assembly. A failure of one or more of defendants' safety systems or devices had taken place, causing Wanda's death.

18. Upon information and belief, defendants FANUC, Nachi, and Lincoln Electric manufactured the robots, robot controllers, robot tooling, part fixtures, welding process equipment and/or safety devices used within the "100" cell.

19. Upon information and belief, defendants Lincoln Electric, Flex-N-Gate, and Prodomax performed the installation, integration, engineering, and servicing of collective components, including the robotic and safety devices, as well as the system's control logic used within the "100" cell, hereinafter referred to as the "automation system".

20. Upon information and belief, all defendants provided safety training in system operation, maintenance and safety.

21. The "100" cell automation system failed to meet numerous Occupational Safety and Health Administration ("OSHA") and Michigan Occupational Safety and Health Administration ("MIOSHA") laws and regulations including those regulations pertaining to risk assessment and the control of hazardous energy.   All defendants were responsible for these failures.

22. Moreover, the "100" cell automation system failed to meet numerous American National Standard ("ANSI"), American Welding Society ("AWS") and Robotic Industries Association ("RIA") standards relating to robots, robot equipment, welding, electric systems, machinery, risk assessment, as well as other areas to be determined in discovery.   All defendants were responsible for these failures.

**COUNT I**
**PRODUCT LIABILITY – DESIGN DEFECT/NEGLIGENT DESIGN**
**(FANUC, NACHI, LINCOLN ELECTRIC)**

23. Plaintiff incorporates by reference paragraphs 1 through 22 above as if fully stated herein.

24. At all relevant times, defendant FANUC, Nachi, and Lincoln Electric owed a duty to Wanda and to the public to properly design, manufacture and test their products, including the robots, robot controllers, robot tooling, part fixtures, welding process equipment and/or safety devices involved in this case.

25. Defendants FANUC, Nachi, and Lincoln Electric breached their aforementioned duties to Wanda by failing to properly design, manufacture and/or test their products, including the robots, robot controllers, robot tooling, part fixtures, welding process equipment and/or safety devices involved in this case.

26. The aforementioned products at issue in this case were not reasonably safe.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

27. The aforementioned products at issue were designed defectively and/or negligently with defects.

28. Technically feasible alternative design and production practice was available at the time the aforementioned products at issue left the control of defendants FANUC, Nachi, and Lincoln Electric, that could have prevented the harm without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others.

29. The acts or omissions of defendants FANUC, Nachi, and Lincoln Electric were a proximate cause of Wanda's death.

WHEREFORE, plaintiff hereby makes claims for all non-economic losses and any economic losses, and for any amount it may be entitled to, plus costs, interest and attorney fees, in whatever amount this Honorable Court deems just and proper.

## COUNT II
## PRODUCT LIABILITY – MANUFACTURING DEFECT
## (FANUC, NACHI, LINCOLN ELECTRIC)

30. Plaintiff incorporates by reference paragraphs 1 through 29 above as if fully stated herein.

31. At all relevant times, defendants FANUC, Nachi, and Lincoln Electric owed a duty to Wanda and to the public to properly design, manufacture and tests their products, including the robots, robot controllers, robot tooling, part fixtures, welding process equipment and/or safety devices involved in this case.

32. Defendants FANUC, Nachi, and Lincoln Electric breached their aforementioned duties to Wanda by failing to properly design, manufacture and/or test their products, including the robots, robot controllers, robot tooling, part fixtures, welding process equipment and/or safety devices involved in this case.

33. The aforementioned products at issue in this case were not reasonably safe.

34. Specifically, the robots, robot controllers, and/or safety devices were manufactured by defendants defectively and/or negligently with defects including, but not limited to:

    a. The aforementioned products deviated from their intended condition;

    b. Defendants FANUC, Nachi, and Lincoln Electric failed to manufacture their products so as to eliminate any unreasonable risk of foreseeable injury;

    c. The aforementioned products were not reasonably fit for their intended, anticipated or reasonably foreseeable use;

    d. Defendants FANUC, Nachi, and Lincoln Electric failed to do what a reasonable manufacturer would have done in the production of the product, including an appropriate risk assessment;

35. At the time the aforementioned products at issue in this case left the control of defendants FANUC, Nachi, and Lincoln Electric, technically feasible alternative manufacturing practices were available that could have prevented the harm without significantly impairing the usefulness or desirability of the products to users and without creating equal or greater risk of harm to others.

36. The acts or omissions of defendants FANUC, Nachi, and Lincoln Electric were a proximate cause of Wanda's death.

WHEREFORE, plaintiff hereby makes claims for all non-economic losses and any economic losses, and for any amount it may be entitled to, plus costs, interest and attorney fees, in whatever amount this Honorable Court deems just and proper.

### COUNT III
### PRODUCT LIABILITY – BREACH OF IMPLIED WARRANTY
### (FANUC, NACHI, LINCOLN ELECTRIC)

37. Plaintiff incorporates by reference paragraphs 1 through 36 above as if fully stated herein.

38. The products, including the robots, robot controllers, robot tooling, part fixtures, welding process equipment and/or safety devices involved in this case were not reasonably fit for their use or

purpose anticipated or reasonably foreseen by defendants FANUC, Nachi, and Lincoln Electric when they left defendants' control.

39. The acts or omissions of defendants FANUC, Nachi, and Lincoln Electric highlighted above were a proximate cause of Wanda's death.

WHEREFORE, plaintiff hereby makes claims for all non-economic losses and any economic losses, and for any amount it may be entitled to, plus costs, interest and attorney fees, in whatever amount this Honorable Court deems just and proper.

## COUNT IV
## PRODUCT LIABILITY – FAILURE TO WARN
## (FANUC, NACHI, LINCOLN ELECTRIC)

40. Plaintiff incorporates by reference paragraphs 1 through 39 above as if fully stated herein.

41. At all relevant times, defendants FANUC, Nachi, and Lincoln Electric owed a duty to Wanda and to the public to properly design, manufacture and test their products, and to properly warn all potential users of the dangers associated with the intended use and foreseeable misuses of their products.

42. Defendants FANUC, Nachi, and Lincoln Electric breached their duties to adequately warn their potential users, including Wanda.

43. The acts or omissions of defendants were a proximate cause of Wanda's death.

WHEREFORE, plaintiff hereby makes claims for all non-economic losses and any economic losses, and for any amount it may be entitled to, plus costs, interest and attorney fees, in whatever amount this Honorable Court deems just and proper.

## COUNT V – NEGLIGENCE
## (LINCOLN ELECTRIC, FLEX-N-GATE, PRODOMAX)

44. Plaintiff incorporates by reference paragraphs 1 through 43 above as if fully stated herein.

45. Upon information and belief, at all relevant times, defendants Lincoln Electric, Flex-N-Gate, and Prodomax performed the installation, integration, engineering, and ongoing servicing of

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

components, including the robotic and safety devices, as well as the system's control logic used within the "100" cell.

46. Defendants Lincoln Electric, Flex-N-Gate, and Prodomax owed a duty to Wanda to exercise ordinary care in their provision of services with respect to the robotic and safety devices used within the "100" cell, including but not limited to the control, installation, integration, engineering, modification, and/or servicing of the devices used within the cell, as well as the system's control logic.

47. Defendants Lincoln Electric, Flex-N-Gate, and Prodomax breached their duty to Wanda by controlling, installing, integrating, engineering, modifying, and/or servicing the "100" cell, such that its cell operating logic was allowed to bypass safety doors.

48. Defendants Lincoln Electric, Flex-N-Gate, and Prodomax breached their duty to Wanda by controlling, installing, integrating, engineering, modifying, and/or servicing the "100" cell, such that its cell operating logic did not prevent the misloading of additional hitch assemblies into fixtures that were already loaded.

49. Defendants Lincoln Electric, Flex-N-Gate, and Prodomax breached their duty to Wanda by failing to properly make known and/or train the automation system operation, maintenance and safety, including failure to conduct an appropriate risk assessment of the 100 "cell" automation system.

50. Defendants' breaches of their duty created an unreasonable risk of danger such that individuals within the "100" cell, including Wanda, would be at risk of suffering severe injuries, including death.

51. Defendants' breaches of their duty proximately caused Wanda's death.

WHEREFORE, plaintiff hereby makes claims for all non-economic losses and any economic losses, and for any amount it may be entitled to, plus costs, interest and attorney fees, in whatever amount this Honorable Court deems just and proper.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

### COUNT VI – RES IPSA LOQUITUR
### (ALL DEFENDANTS)

52. Plaintiff incorporates by reference paragraphs 1 through 51 above as if fully stated herein.

53. The subject incident as described in the preceding paragraphs was an event of a kind which ordinarily does not occur in the absence of negligence.

54. During the relevant time, the cell operating logic was within the exclusive control of all defendants.

55. The hazard of the robot from section 130 entering into section 140, and attempting to place a hitch assembly within the fixture that was already loaded, was not created by any voluntary action or contribution on the part of Wanda.

56. Evidence of the true explanation of the incident described above is more readily accessible to the defendants than to the plaintiff.

WHEREFORE, plaintiff hereby makes claims for all non-economic losses and any economic losses, and for any amount it may be entitled to, plus costs, interest and attorney fees, in whatever amount this Honorable Court deems just and proper.

### COUNT VII
### PRODUCT LIABILITY – DESIGN DEFECT/NEGLIGENT DESIGN
### (LINCOLN ELECTRIC, FLEX-N-GATE, PRODOMAX – IN ALTERNATIVE TO COUNT V)

57. Plaintiff incorporates by reference paragraphs 1 through 56 above as if fully stated herein.

58. At all relevant times, defendants Lincoln Electric, Flex-N-Gate, and Prodomax owed a duty to Wanda and to the public to properly design and test its products, including the automation system that comprised the "100" cell in this case.

59. Defendants Lincoln Electric, Flex-N-Gate, and Prodomax breached their aforementioned duties to Wanda by failing to properly design and test their products, including the automation system that comprised the "100" cell in this case.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

60. The automation system at issue in this case was not reasonably safe.

61. The automation system at issue was designed and/or supplied defectively and/or negligently with defects.

62. Technically feasible alternative design and production practice was available at the time the automation system at issue was designed, engineered, and tested by defendants Lincoln Electric, Flex-N-Gate, and Prodomax, that could have prevented the harm without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others.

63. The acts or omissions of defendants Lincoln Electric, Flex-N-Gate, and Prodomax were a proximate cause of Wanda's death.

WHEREFORE, plaintiff hereby makes claims for all non-economic losses and any economic losses, and for any amount it may be entitled to, plus costs, interest and attorney fees, in whatever amount this Honorable Court deems just and proper.

### COUNT VIII
### PRODUCT LIABILITY – MANUFACTURING DEFECT
### (LINCOLN ELECTRIC, FLEX-N-GATE, PRODOMAX – IN ALTERNATIVE TO COUNT V)

64. Plaintiff incorporates by reference paragraphs 1 through 63 above as if fully stated herein.

65. At all relevant times, defendants Lincoln Electric, Flex-N-Gate, and Prodomax owed a duty to Wanda and to the public to properly design, manufacture and tests their products, including the automation system involved in this case.

66. Defendants Lincoln Electric, Flex-N-Gate, and Prodomax breached their aforementioned duties to Wanda by failing to properly design, manufacture and/or test their products, including the automation system involved in this case.

67. The automation system at issue in this case was not reasonably safe.

68. Specifically, the automation system was designed by defendants defectively and/or negligently with defects including, but not limited to:

      a.     The automation system deviated from its intended condition and/or operated in conformance with its defective design;

      b.     Defendants failed to design the automation system so as to eliminate any unreasonable risk of foreseeable injury;

      c.     The automation system was not reasonably fit for its intended, anticipated or reasonably foreseeable use or safe use;

      d.     Defendants Lincoln Electric, Flex-N-Gate, and Prodomax failed to do what a reasonable designer would have done in the production of the automation system;

69.     At all relevant times, technically feasible alternative design and engineering practices were available that could have prevented the harm without significantly impairing the usefulness or desirability of the automation system to users and without creating equal or greater risk of harm to others.

70.     The acts or omissions of defendants Lincoln Electric, Flex-N-Gate, and Prodomax were a proximate cause of Wanda's death.

WHEREFORE, plaintiff hereby makes claims for all non-economic losses and any economic losses, and for any amount it may be entitled to, plus costs, interest and attorney fees, in whatever amount this Honorable Court deems just and proper.

**COUNT IX**
**PRODUCT LIABILITY – BREACH OF IMPLIED WARRANTY**
**(LINCOLN ELECTRIC, FLEX-N-GATE, PRODOMAX – IN ALTERNATIVE TO COUNT V)**

71.     Plaintiff incorporates by reference paragraphs 1 through 70 above as if fully stated herein.

72.     The automation system involved in this case was not reasonably fit for its use or purpose anticipated or reasonably foreseen by defendants Lincoln Electric, Flex-N-Gate, and Prodomax.

73.     The acts or omissions of defendants Lincoln Electric, Flex-N-Gate, and Prodomax highlighted above were a proximate cause of Wanda's death.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

WHEREFORE, plaintiff hereby makes claims for all non-economic losses and any economic losses, and for any amount it may be entitled to, plus costs, interest and attorney fees, in whatever amount this Honorable Court deems just and proper.

### COUNT X
### PRODUCT LIABILITY – FAILURE TO WARN
### (LINCOLN ELECTRIC, FLEX-N-GATE, PRODOMAX – IN ALTERNATIVE TO COUNT V)

74. Plaintiff incorporates by reference paragraphs 1 through 73 above as if fully stated herein.

75. At all relevant times, defendants Lincoln Electric, Flex-N-Gate, and Prodomax owed a duty to Wanda and to the public to properly design and test their products, and to properly warn all potential users of the dangers associated with the intended use and foreseeable misuses of their products.

76. Defendants Lincoln Electric, Flex-N-Gate, and Prodomax breached their duties to adequately warn their potential users, including Wanda. Defendants' breaches include, but are not limited to:

   a. failure to properly assess safety risks and to design the equipment and procedures to mitigate said risks;

   b. failure to warn Wanda that the cell operating logic of the "100" cell could permit the bypass of safety doors; and

   c. failure to warn Wanda that the cell operating logic of the "100" cell may not prevent the misloading of additional hitch assemblies into fixtures that were already loaded, i.e. failure to provide adequate control to prevent an anti-repeat function in the system logic.

77. The acts or omissions of defendants were a proximate cause of Wanda's death.

WHEREFORE, plaintiff hereby makes claims for all non-economic losses and any economic losses, and for any amount it may be entitled to, plus costs, interest and attorney fees, in whatever amount this Honorable Court deems just and proper.

### COUNT XI – CONCERT OF ACTION
### (ALL DEFENDANTS)

78. Plaintiff incorporates by reference paragraphs 1 through 77 above as if fully stated herein.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

79. Is indicated above, all defendants acted together in a negligent manner.

80. The acts or omissions of defendants were a proximate cause of Wanda's death

WHEREFORE, plaintiff hereby makes claims for all non-economic losses and any economic losses, and for any amount it may be entitled to, plus costs, interest and attorney fees, in whatever amount this Honorable Court deems just and proper.

DATED: March 7, 2017

/s/ Matthew L. Wikander
Matthew L Wikander (P65160)
Charissa Huang (P75501)
SMITH HAUGHEY RICE & ROEGGE, P.C.
Attorneys for Plaintiff
100 Monroe Center NW
Grand Rapids, MI 49503-2802
616-774-8000
mwikander@shrr.com
chuang@shrr.com

## JURY DEMAND

NOW COMES plaintiff, William Holbrook, Personal Representative of the Estate of Wanda Holbrook, by and through his attorneys, Smith Haughey Rice & Roegge, and hereby demands a trial by jury.

DATED: March 7, 2017                    /s/ Matthew L. Wikander
                                        Matthew L Wikander (P65160)
                                        Charissa Huang (P75501)
                                        SMITH HAUGHEY RICE & ROEGGE, P.C.
                                        Attorneys for Plaintiff
                                        100 Monroe Center NW
                                        Grand Rapids, MI 49503-2802
                                        616-774-8000
                                        mwikander@shrr.com
                                        chuang@shrr.com