UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HOLBROOK, Personal Representative
of the Estate of Wanda Holbrook, Deceased,

               Plaintiff,

v.

PRODOMAX AUTOMATION LTD., a
Canadian Company, FLEX-N-GATE, LLC, a
Delaware Corporation, FANUC AMERICA
CORPORATION, a Delaware Corporation,
NACHI ROBOTIC SYSTEMS, INC., a
Delaware Corporation, and LINCOLN
ELECTRIC COMPANY, an Ohio
Corporation,

               Defendants.

Case No. 1:17-cv-00219

Hon.: Paul L. Maloney
Magistrate: Phillip J. Green

ORAL ARGUMENT REQUESTED

---

**DEFENDANT FANUC AMERICA CORPORATION'S
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)
ORAL ARGUMENT REQUESTED**

Defendant FANUC America Corporation ("FANUC America") through counsel, Dykema Gossett PLLC, hereby moves this Court for an Order dismissing Plaintiff's Complaint as to FANUC America with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), because Plaintiff's Complaint fails to state a plausible claim for relief. In support of its motion, FANUC America relies upon the law and arguments set forth in the accompanying brief in support.

In accordance with W.D. Mich. L.R. 7.1(d), undersigned counsel contacted Plaintiff's counsel to (i) explain the nature of this Motion and its legal basis, and (ii) request concurrence in the relief sought; however, such concurrence was not received.

WHEREFORE, FANUC America requests that the Court grant this Motion, enter an Order: (i) dismissing Plaintiff's Complaint as to FANUC America with prejudice, (ii) awarding

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

FANUC America its costs and fees, including attorney fees, incurred in having to defend this

action, and (iii) granting any other appropriate relief in FANUC America's favor.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: */s/ Fred J. Fresard*
    Fred J. Fresard (P43694)
    Sara D. Corbello (P73736)
    39577 Woodward Avenue, Suite 300
    Bloomfield Hills, MI  48304
    (248) 203-0700
    ffresard@dykema.com
    scorbello@dykema.com

    John A. Ferroli (P35869)
    300 Ottawa Avenue, N.W., Suite 700
    Grand Rapids, MI 49503-2306
    (616) 776-7542 or (313) 568-5359
    jferroli@dykema.com

Date: May 26, 2017           Attorneys for Defendant FANUC
    America Corporation

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN  48304

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HOLBROOK, Personal Representative
of the Estate of Wanda Holbrook, Deceased,

                    Plaintiff,

v.

PRODOMAX AUTOMATION LTD., a
Canadian Company, FLEX-N-GATE, LLC, a
Delaware Corporation, FANUC AMERICA
CORPORATION, a Delaware Corporation,
NACHI ROBOTIC SYSTEMS, INC., a
Delaware Corporation, and LINCOLN
ELECTRIC COMPANY, an Ohio
Corporation,

                    Defendants.

Case No. 1:17-cv-00219

Hon.: Paul L. Maloney
Magistrate: Phillip J. Green

ORAL ARGUMENT REQUESTED

## BRIEF IN SUPPORT OF DEFENDANT FANUC AMERICA CORPORATION'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)
### ORAL ARGUMENT REQUESTED

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

**ISSUE PRESENTED**

Whether Plaintiff's claims against defendant FANUC America Corporation should be dismissed pursuant to MCL § 600.2947(6) because FANUC America Corporation is a nonmanufacturing seller of the robots at issue.

## <u>TABLE OF CONTENTS</u>

**ISSUE PRESENTED** ................................................................................................ ii

**TABLE OF CONTENTS** .......................................................................................... iii

**TABLE OF AUTHORITIES** ................................................................................... iv

**I.  INTRODUCTION** ............................................................................................. 5

**II.  FACTUAL BACKGROUND** ............................................................................ 6

**III. ARGUMENT** ..................................................................................................... 7

**A.  Standard Of Review** ....................................................................................... 7

**B.  Plaintiff's Product Liability Claims Fail Because FANUC America Was A Mere Nonmanufacturing Seller of the Robots At Issue, And Is Therefore Not Liable To Plaintiff For Harm Allegedly Caused By The Products.** ............................... 7

**C.  Plaintiff Has Not Pleaded An Independent Act of Negligence by FANUC America.** . 9

**D.  FANUC America Is Also Entitled To Summary Judgment On Plaintiff's *Res Ipsa Loquitor* and Concert of Action Counts.** ...................................................... 11

**IV.  CONCLUSION** ............................................................................................... 12

**CERTIFICATE OF SERVICE** ............................................................................ 14

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

# TABLE OF AUTHORITIES

**Cases**

*Abel v. Eli Lilly & Co.*, 418 Mich. 311, 327, 343 N.W.2d 164, *cert denied*,
469 U.S. 833 (1984)..................................................................................................... 11
*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). ..................................... 6
*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009)..................................... 10
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)............................ 6
*Coleman v. Maxwell Shoe Co.*, 475 F. Supp. 2d 685, 691 (E.D. Mich. 2007) ........................ 7, 9
*Croskey v. BMW of North America, Inc.*, 532 F.3d 511, 520-521 (6th Cir. 2008). ................. 8, 9
*Curry v. Meijer, Inc.*, 286 Mich. App. 586, 780 N.W.2d 603 (2009)........................................ 8, 9
*Hasselbach v. TG Canton, Inc.*, 209 Mich. App. 475, 480, 531 N.W.2d 715 (1994) ................. 10
*Jones v. Porretta*, 428 Mich. 132, 150–151, 405 N.W.2d 863 (1987) ........................................ 9
*Konstantinov v. Findlay Ford Lincoln Mercury*, 619 F. Supp. 2d 326, 332 (E.D. Mich., 2008) ... 9
*Stachurski v. K Mart Corp.*, 180 Mich. App. 564, 567; 447 N.W.2d 830 (1989) ........................ 7
*Urbain v. Beierling*, 835 N.W.2d 455, 463-64 (Mich. Ct. App. 2013)........................................ 10
*Warner v. Gen. Motors Corp.*, 137 Mich. App. 340, 346; 357 N.W.2d 689 (1984) ................... 7

**Statutes**

§ 600.2947(6) ................................................................................................................ 9
MCL § 600.2749(6) ...................................................................................................... 6
MCL § 600.2945 *et seq.*................................................................................................ 4
MCL § 600.2945(h) ...................................................................................................... 6
MCL § 600.2947(6) ...................................................................................................... 4
MCL § 600.2947(6)(a) ............................................................................................... 8, 9
MCL. § 600.2947(6) ..................................................................................................... 7

**Other Authorities**

Restatement Torts, 2d, § 433B(3) .............................................................................. 11

**Rules**

Fed. R. Civ. P. 12(b)(6)................................................................................................ 5

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN  48304

# I.    INTRODUCTION

In this products liability action, Plaintiff contends that Wanda Holbrook sustained fatal injuries resulting from a robot malfunction while working at Ventra Ionia LLC ("Ventra") on July 7, 2015.  (Docket No. 1, Complaint, ¶¶ 11, 14).  Plaintiff has sued FANUC America Corporation ("FANUC America") under various theories, all of which sound in product liability: COUNT I: Product Liability – Design Defect/Negligent Design; COUNT II: Product Liability – Manufacturing Defect; COUNT III: Product Liability – Breach Of Implied Warranty; COUNT IV: Product Liability – Failure To Warn; COUNT VI: Res Ipsa Loquitur; and COUNT XI: Concert Of Actions.  (Dkt. 1).  FANUC America did not design or manufacture the robots at issue.  Because FANUC America was a nonmanufacturing seller of the robots, it is not liable for harm allegedly caused by the products, and Plaintiff's claims fail as a matter of law.

Plaintiff's product liability claims against FANUC America are brought under the Michigan Product Liability Act, MCL § 600.2945 *et seq.* (the "MPLA").  The MPLA, which was enacted as part of Michigan's comprehensive Tort Reform in 1996, clearly exempts sellers "other than a manufacturer" from liability "for harm allegedly caused by the product."  MCL § 600.2947(6).  FANUC America did not design or manufacture the robots, robot controllers, robot tooling, part fixtures, welding process equipment, or safety devices alleged to have caused Plaintiff's damages.  It merely sold robots that were designed and manufactured by FANUC Corporation (Japan) ("FANUC Japan").  A nonmanufacturing seller can only be held liable for an independent act of negligence that proximately causes harm.  MCL § 600.2947(6)(a).  Plaintiff's Complaint, however, is devoid of any such allegations.

All of Plaintiff's claims fail for the same reason: Plaintiff's Complaint fails to adequately plead any fact which would exempt FANUC America from the absolution of liability afforded to

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN  48304

mere sellers of products under the MPLA.  Plaintiff has failed to articulate a viable claim upon which relief may be granted, and no factual development can breathe life into the claims pleaded; consequently, summary judgment as to all of Plaintiff's claims against FANUC America is warranted pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   FACTUAL BACKGROUND

This lawsuit arises out of a July 7, 2015 industrial accident at Ventra Ionia LLC ("Ventra"), a manufacturing facility in western Michigan.  (Dkt 1, ¶ 11).  Ventra specializes in the welding and stamping of truck bumpers and trailer hitches.  (*Id.*).  Defendant FANUC America is a supplier of industrial automation equipment, including robots.  (Exhibit A Declaration of Paul Santi, ¶ 4).  Plaintiff alleges that Wanda Holbrook was killed after being struck by the material handling robot from Cell 130, when it improperly entered Cell 140 due to a failure of a safety system or device.  (Dkt. 1, ¶¶ 14, 17).  Plaintiff further alleges that FANUC America, among others, manufactured the robots and attendant equipment in Section 100:

> 18.     Upon information and belief, defendants FANUC, Nachi, and Lincoln Electric manufactured the robots, robot controllers, robot tooling, part fixtures, welding process equipment and/or safety devices used within the '100' cell.

(*Id.*, ¶ 18).  For purposes of this motion, FANUC America will stipulate that the robots used in the weld process in the "100 cell" at Ventra are FANUC brand products.  But these robots were not manufactured by FANUC America as alleged by Plaintiff.  (Ex. A, ¶ 6).  FANUC America does not design or manufacture robots or robot controllers of the types located and used in the weld process at Ventra.  (*Id.*, ¶ 5).  These types of FANUC brand robots are designed and manufactured by FANUC Japan.  (*Id.*, ¶ 6).  FANUC America merely distributes those FANUC brand robots to North and South American purchasers.  (*Id.*, ¶ 7).

6

# III.   ARGUMENT

## A.   Standard Of Review

A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading.  Rule 12(b)(6) requires that a complaint "contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (internal citation omitted).  A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*.  Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id*. at 1950 (internal quotation marks and citation omitted).  "Only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id*.

## B.   Plaintiff's Product Liability Claims Fail Because FANUC America Was A Mere Nonmanufacturing Seller of the Robots At Issue, And Is Therefore Not Liable To Plaintiff For Harm Allegedly Caused By The Products.

Plaintiff's claims against FANUC America are based in product liability and are therefore governed by the MPLA, which defines a "product liability action" as any action "based on a legal or equitable theory of liability brought for the death of a person or for injury to a person . . . caused by or resulting from the production of a product."  MCL § 600.2945(h).  Michigan's tort reform statutes bar claims against sellers other than manufacturers in product liability actions.  Liability of a nonmanufacturing seller is addressed in MCL § 600.2749(6)

> In a product liability action, ***a seller other than a manufacturer is not liable for harm allegedly caused by the product*** unless either of the following is true: (a) The seller failed to exercise reasonable care, including breach of any implied warranty, with respect to the

7

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN  48304

> product and that failure was a proximate cause of the person's injuries; (b) The seller made an express warranty as to the product, the product failed to conform to the warranty, and the failure to conform to the warranty was a proximate cause of the person's harm.[1]

MCL. § 600.2947(6) (emphasis added).  A seller has no duty to inspect a product unless it has reason to know of a defect or the defect is readily ascertainable.  *Stachurski v. K Mart Corp.*, 180 Mich. App. 564, 567; 447 N.W.2d 830 (1989); *Warner v. Gen. Motors Corp.*, 137 Mich. App. 340, 346; 357 N.W.2d 689 (1984); *See also Coleman v. Maxwell Shoe Co.*, 475 F. Supp. 2d 685, 691 (E.D. Mich. 2007) ("The factfinder's task under the new law should result in a zero assessment of fault to the nonmanufacturing seller, whose involvement in the product may have been no more than to place the product on its shelf.").

Plaintiff's Complaint alleges that FANUC America breached certain legal duties to Plaintiff pertaining to the production of the subject robots at Ventra.  (*See, for example,* Dkt. 1, ¶ 25).  FANUC America, however, was not involved in the production of any robot potentially at issue in this case, because FANUC America did not design or manufacture robots or robot controllers of the types located and used in the weld process at Ventra as alleged by Plaintiff in his Complaint.  (Ex. A, ¶¶ 5-7).  To the contrary, with respect to the FANUC brand robots at issue, FANUC America was a mere nonmanufacturing seller of products designed and manufactured by FANUC Japan.  (*Id.*).

Accordingly, FANUC America had no duty to Plaintiff to inspect individual products to ensure their conformity with specifications or to detect issues or conditions which may lead to failure.  For that simple reason, FANUC America had no duty to Plaintiff under the MPLA and, thus, cannot be held liable for an alleged breach of any such duties. Plaintiff, therefore, has no

---

[1] Plaintiff's Complaint brings no claims for breach of express warranty.  (Dkt. 1).

8

colorable product liability claim against FANUC America, and the claims against FANUC America should be dismissed under Rule 12(b)(6).

> **C.      Plaintiff Has Not Pleaded An Independent Act of Negligence by FANUC America.**

To recover from a nonmanufacturing seller such as FANUC America on his product liability claims, Plaintiff must prove that FANUC America either caused the allegedly defective condition or, in the exercise of reasonable care, should have discovered it; that is, that FANUC America was somehow negligent independent of the existence of any product defect.  MCL § 600.2947(6)(a);  *Curry v. Meijer, Inc.*, 286 Mich. App. 586, 780 N.W.2d 603 (2009) ; *Croskey v. BMW of North America, Inc.*, 532 F.3d 511, 520-521 (6th Cir. 2008).   Plaintiff, in his Complaint, fails to make any such allegation.  Plaintiff fails to set forth allegations of fact suggesting that FANUC America, a mere seller of the robots, had knowledge or reason to know of any alleged defect prior to distributing the subject robots or any act or omission by FANUC America that proximately caused Plaintiff's injury.  Plaintiff cannot, then, overcome the MPLA's bar on liability set forth in MCL § 600.2947(6)(a).

In *Curry,* the Michigan Court of Appeals held that a nonmanufacturing seller cannot be held liable unless Plaintiff can show some independent act of negligence by the non-manufacturing seller.  The *Curry* court concluded, after analyzing the statutory language, the legislative history, and case law from the United States Court of Appeals for the Sixth Circuit that MCL § 600.2947(6)(a) requires a showing of negligence on the part of the non-manufacturing seller.  The Court held that, with respect to the clause referencing breach of implied warranty, which traditionally did not require a showing of negligence, "the grammatical context and placement of this clause indicate that the Legislature did not intend to create a third avenue of liability [in addition to a failure to exercise reasonable care or breach of an express

9

warranty]." *Id*. at 592.  The Court then noted that its conclusion is consistent with the legislative history of the statute, which was enacted as part of Michigan's tort reform in 1996.  *Id*. at 595 n.4, quoting Senate Fiscal Agency Bill Analysis of SB 344, January 11, 1996, p. 11.  Finally, the Court noted that the Sixth Circuit has reached the same conclusion, holding that, pursuant to § 600.2947(6) "'a plaintiff can recover against a non-manufacturing seller only if the seller fails to exercise reasonable care, or breaches an *express* warranty.'"  *Id*. at 598, quoting *Croskey v. BMW of North America, Inc.*, 532 F.3d 511, 520-521 (6th Cir. 2008) (emphasis in original).  Based on this reasoning, the Court upheld summary disposition of the breach of implied warranty claim similar to Plaintiff's.  Moreover, in cases where the alleged defect is not apparent and there is no allegation the nonmanufacturing seller knew of the alleged defect, there is no basis for finding failure to exercise reasonable care.  See, e.g., *Konstantinov v. Findlay Ford Lincoln Mercury*, 619 F. Supp. 2d 326, 332 (E.D. Mich., 2008); *Coleman v. Maxwell Shoe Co., Inc.,* 475 F. Supp. 2d 685, 689-691 (E.D. Mich, 2007).

For Plaintiff's claims against FANUC America to survive even the most lenient pleading standard, Plaintiff must show that some act or omission *by FANUC America* led to the alleged harm – that FANUC America either caused the allegedly defective condition or, in the exercise of reasonable care, should have discovered it.  MCL § 600.2947(6)(a); *Curry, supra*.  Yet, Plaintiff has entirely ignored this burden and has failed to allege any act or omission by FANUC America, a nonmanufacturing seller of robots, that somehow proximately caused or contributed to the incident at issue.  Plaintiff's Complaint consequently fails to state any claim on which relief may be granted, and FANUC America is entitled to summary judgment of Plaintiff's product liability claims under Rule 12(b)(6).

10

**D.    FANUC America Is Also Entitled To Summary Judgment On Plaintiff's *Res Ipsa Loquitor* and Concert of Action Counts.**

To survive summary judgment, Plaintiff's Complaint must contain a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.*

Plaintiff's *Res Ipsa Loquitor* claim fails as a matter of law because he has not pleaded, nor will any factual development establish, that the instrumentality of the injury was within FANUC America's exclusive control.  *Jones v. Porretta*, 428 Mich. 132, 150–151, 405 N.W.2d 863 (1987).  As a nonmanufacturing seller, whose only involvement was to distribute robots that Ventra purchased long before this incident occurred, it is implausible that FANUC America could be considered to have exclusive control over any injury-causing instrumentality.  See, e.g. *Hasselbach v. TG Canton, Inc.*, 209 Mich. App. 475, 480, 531 N.W.2d 715 (1994) (*res ipsa loquitur* did not apply to a case against a landlord involving a shower that was allegedly defective because the instrumentality of the injury was not within the exclusive control of defendant).  As such, Plaintiff's *Res Ipsa* claim fails as a matter of law and must be similarly dismissed.

Plaintiff's Concert of Action claim fails for the same reasons his product liability claims fail: FANUC America owed Plaintiff no duty as a nonmanufacturing seller, and no allegations that FANUC America failed to exercise reasonable care with respect to the product and that failure was a proximate cause of Plaintiff's injury have been pled.  "[T]o establish a concert-of-action claim, a plaintiff must prove that all defendants acted tortiously pursuant to a common design that caused harm to the plaintiff."  *Urban v. Beierling*, 835 N.W.2d 455, 463-64 (Mich. Ct. App. 2013) (internal quotation marks and citations omitted).  Plaintiff's Concert of Action claim against FANUC America is purely conclusory.

11

Plaintiff has not pleaded sufficient facts to establish that FANUC America engaged in a concert of actions, stating only that "all defendants acted together in a negligent manner." (Dkt. 1, ¶ 79). As set forth at length above, Plaintiff's Complaint fails to state a viable claim of negligence against FANUC America, so his Concert of Action claim based on an implausible negligence claim must similarly fail. Indeed, the Michigan Supreme Court explained that the "reason for the exception to traditional rules is to prevent the injustice of allowing *proved wrongdoers* to escape liability for an injury inflicted upon an innocent plaintiff 'merely because the nature of their conduct and the resulting harm has made it difficult or impossible to prove which of them has caused the harm.'" *Abel v. Eli Lilly & Co.*, 418 Mich. 311, 327, 343 N.W.2d 164, *cert denied*, 469 U.S. 833 (1984), citing Restatement Torts, 2d, § 433B(3), Comment f, p. 446 (emphasis added). This justification holds no water when applied to the facts or pleadings in this case, and accordingly, summary judgment is appropriate.

## IV.   CONCLUSION

Plaintiff makes product liability claims against FANUC America, alleging production defects in the FANUC brand robots at Ventra Ionia that were produced by FANUC Japan. FANUC America does not design or manufacture robots of the types located and used in the weld process at Ventra. Rather, FANUC America was a mere nonmanufacturing seller that cannot be held liable for any production defects in the robots alleged to have caused Plaintiff's harm. Moreover, Plaintiff has failed to allege any independent act or omission by FANUC America that somehow proximately caused Plaintiff's harm. As such, Plaintiff has failed to state any viable claim upon which relief may be granted. Because no factual developments will cure the defects in Plaintiff's pleadings, Plaintiffs claims against FANUC America should be dismissed in their entirety as a matter of law under Rule 12(b)(6).

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: */s/ Fred J. Fresard*
  Fred J. Fresard (P43694)
  Sara D. Corbello (P73736)
  39577 Woodward Avenue, Suite 300
  Bloomfield Hills, MI  48304
  (248) 203-0700
  ffresard@dykema.com
  scorbello@dykema.com

  John A. Ferroli (P35869)
  300 Ottawa Avenue, N.W., Suite 700
  Grand Rapids, MI 49503-2306
  (616) 776-7542 or (313) 568-5359
  jferroli@dykema.com

  Attorneys for Defendant FANUC
  America Corporation

Date: May 26, 2017

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HOLBROOK, Personal Representative
of the Estate of Wanda Holbrook, Deceased,

        Plaintiff,

v.

PRODOMAX AUTOMATION LTD., a
Canadian Company, FLEX-N-GATE, LLC, a
Delaware Corporation, FANUC AMERICA
CORPORATION, a Delaware Corporation,
NACHI ROBOTIC SYSTEMS, INC., a
Delaware Corporation, and LINCOLN
ELECTRIC COMPANY, an Ohio
Corporation,

        Defendants.

Case No. 1:17-cv-00219

Hon.: Paul L. Maloney
Magistrate: Phillip J. Green

ORAL ARGUMENT REQUESTED

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May, 2017 the foregoing document and all supporting papers were filed electronically via this court's Electronic Case Filing ("ECF") and were served on counsel of record electronically via ECF.

*/s/ Fred J. Fresard*
Attorney for Defendant FANUC American Corporation

Dated: May 26, 2017

14

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304