UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

WILLIAM HOLBROOK, Personal
Representative of the Estate of Wanda
Holbrook,

    Plaintiff,

v

PRODOMAX AUTOMATION LTD., et al.,

    Defendants.

Case No. 1:17-cv-00219

Hon. Hala Y. Jarbou

---

### PLAINTIFF'S MOTION FOR AUTHORITY TO DISTRIBUTE WRONGFUL DEATH SETTLEMENT PROCEEDS

    Plaintiff, William Holbrook, as Personal Representative of the Estate of Wanda Holbrook, Deceased, petitions the Court, pursuant to MCL 600.2922(9) for authority to distribute the proceeds derived from a settlement with Prodomax Automation LTD and the FANUC defendants. In support, Petitioner states:

    1.    On July 7, 2015, Wanda Holbrook ("Wanda") was seriously injured and died as a result of an industrial accident involving robotic machinery in the workplace. Wanda was 57-years-old at the time of the subject incident.

    2.    Plaintiff brings this motion following a settlement reached with defendant Prodomax Automation LTD., after five days of a jury trial that had commenced on October 25, 2021. This action was brought under the Wrongful Death Act, MCL 600.2922, seeking money damages arising out of the wrongful death of Wanda Holbrook.

    3.    The confidential settlement with defendant Prodomax Automation LTD., has already been disclosed and approved by this Court on November 8, 2021. In addition, on March

15, 2021, this Court approved a confidential settlement with former defendants FANUC and FANUC America (ECF No. 168).

4. Plaintiff is the duly appointed Personal Representative of the Estate of Wanda Holbrook. Plaintiff is also the surviving spouse of Wanda and pursuant to MCL 600.2922 is in the class of people who have suffered damages. Plaintiff was provided financial support by Wanda during the marriage and up until the time of her death.

5. Wanda is survived by the following family members:

   a. William Holbrook – husband;
   b. Julie Mekhayel – daughter;
   c. Caitlin Veldkamp – daughter;
   d. Oliver Holbrook – son;
   e. Wyatt Veldkamp – minor grandson;
   f. Mckenna Veldkamp – minor granddaughter;
   g. Grace Elzinga – sister;
   h. Elizabeth Dykshoorn – sister;
   i. Tena Elzinga – sister.

6. Plaintiff has entered into a standard written one-third Contingency Fee Agreement with Smith, Haughey, Rice & Roegge, PC, attorneys for the Estate.

7. Those persons who may be entitled to damages under MCL 600.2922 have been properly served and notified. Those persons are:

   a. William Holbrook – husband;
   b. Julie Mekhayel – daughter;
   c. Caitlin Veldkamp – daughter;
   d. Oliver Holbrook – son;
   e. Wyatt Veldkamp – minor grandson;
   f. Mckenna Veldkamp – minor granddaughter;
   g. Grace Elzinga – sister;
   h. Elizabeth Dykshoorn – sister;
   i. Tena Elzinga – sister.

8. Contemporaneous with the filing of this motion, plaintiff will be submitting a proposed order appointing a guardian ad litem for Wanda Holbrook's surviving minor

grandchildren, Wyatt Veldkamp (DOB: 05/29/2008) and McKenna Veldkamp (DOB: 06/10/2009).  Notice of the hearing on this motion will be provided to the guardian ad litem for the minor grandchildren.  It is expected the guardian ad litem will provide a written report to the Court prior to the hearing on this motion.

9. There is no witness testimony that Wanda experienced any conscious pain and suffering prior to her death and no amount of the net proceeds of the settlement are available to the Estate for that element of damage.

10. Plaintiff, as Personal Representative of the Estate, proposes that the proceeds of settlement be distributed as set forth in the **Confidential Distribution Schedule**, which shall be provided to this Court prior to the hearing on this motion.

11. To plaintiff's knowledge, all of the above adult persons who may be entitled to damages intend to execute a waiver and consent forms in which they waive notice of hearing on this motion and consent to the distribution set forth in the Confidential Distribution Schedule.  The signed waiver and consent forms will be provided to the Court at the time of the hearing on this motion.

12. Plaintiff asks the Court to approve the distribution of the proceeds of the settlement in accordance with the terms and conditions contained in this motion.

13. Plaintiff believes that the settlement and distribution is fair and reasonable, and in the best interests of the Estate.

14. To the best of the plaintiff's knowledge, other than the workers compensation lien holder identified in the **Confidential Distribution Schedule**, no other person or agency has filed a request for notice as to this motion or is entitled to notice as to this motion.

15. Plaintiff requests that the Court enter an order approving distribution of the settlement proceeds and authorizing the Personal Representative to pay costs and attorney fees and to distribute the proceeds as set forth in the **Confidential Distribution Schedule** and granting such additional relief as the Court finds equitable under the circumstances.

DATED:  November 10, 2021

By: /s/ *Matthew L. Wikander*
Matthew L. Wikander (P65160)
Charissa Huang (P75501)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Plaintiff
100 Monroe Center NW
Grand Rapids, MI 49503
616-774-8000
mwikander@shrr.com
chuang@shrr.com